Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

District of Nevada

_____ Division

RECEIVED ____ SERVED ON
____ COUNSEL/PARTIES OF RECORD

JAN 27 2021
DROP BOX

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

"NO COPY"

| | |
|---|---|
| Victor Camargo Juarez<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>WGS Group Inc.; DOES 1-10<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 3:21-cv-00064<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Victor Camargo Juarez |
   | Street Address | 1855 El Rancho Drive |
   | City and County | Sparks |
   | State and Zip Code | NV 89117 |
   | Telephone Number | 775-470-3637 |
   | E-mail Address | vjuarez775@gmail.com |

Page of 8

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | WGS Group Inc. |
| Job or Title *(if known)* | |
| Street Address | 8238 W Charleston Blvd. |
| City and County | Las Vegs |
| State and Zip Code | NV 89117 |
| Telephone Number | 702.208.2944 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Blum Dispensary [currently dba as Jade Cannabis Co.] |
| Street Address | 1085 S Virginia Street |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number | |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

| ☐ | Relevant state law *(specify, if known)*: |
| | |
| ☐ | Relevant city or county law *(specify, if known)*: |
| | |

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☒ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts *(specify)*: I was subjected to illegal workplace discrimination based on my race and disability by Defendant and its managing agent Ellijah [last name unknown]. I was employed by Defendant WGS on August 14, 2019, as an Unarmed Security Guard. During my employment, my immediate Superviosr was Ellijah [last name unknown]. I was illegally terminated by Ellijah on December 15, 2019, based on Disparate Treatment Race and Disability Discrimination.
1. Disability Discriminaiton in Violation of the ADA: During my employment, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily. I do have ADA protected disabilities, and I was at all times able to perform the essential functions of my job. Defendant WGS and its managing agent, my immediate Supervisor Ellijah, were aware of my ADA protected disabilities, as I had a request for a reasonable accommodation on record with WGS. The reasonable accommodation was a request to use a foldable chair to sit down intermittently short term for a total of approximately one hour because my job required that I stand throughout my several hours long shifts. This reasonable accommodation was only intended to facilitate my ability to perform my job duties, and it in no way rendered me unable to do my job. During my probation, Ellijah told me that I could not use any reasonable accommodation until after

> my probationary period had ended! On December 15, 2019, the very same day I asked my Supervisor, Ellijah, if I could avail myself of that same previous reasonable accommodation, he fired me. There was no other reason and motive for Ellijah's sudden decision to fire me the moment after I requested to use my reasonable accommodation for intermittent short term use of a folding chair was disability discrimination. He decided that I was not fit to be a security guard because I had made a reasonable accommodation request that did not interfere in any way with my ability to perform the essential functions of my job. Therefore, WGS engaged in illegal disability discrimination by and through its managing agent because I was fired for having an ADA protected disability and requesting a reasonble accommodation to facilitate my ability to do my job.
> 2. Race Discrimination in Violation of Title VII:
>  From the moment I was hired, my Supervisor Ellijah [who is African American] singled me out and treated me differently than other African American employees to whom he showed favor over me. I am Hispanic, not African American, and I was treated far differently by Ellijah than my similarly situated employes such as James [last name unknown] and Tyrone [last name unknown] who also happened to be African American like our Supervisor, Ellijah. For example, Ellijah singled me out and complained about how I handled trespassers, or moved cement blocks, or if I called in sick, yet my co workers and fellow security guards James and Tyrone did the exact same things with no issues or complaints or consequences at all from Ellijah. While with WGS, Ellijah repeatedly singled me out and treated me differently than other employees based on my race.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

> 1. Disability Discriminaiton in Violation of the ADA: During my employment, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily. I do have ADA protected disabilities, and I was at all times able to perform the essential functions of my job. Defendant WGS and its managing agent, my immediate Supervisor Ellijah, were aware of my ADA protected disabilities, as I had a request for a reasonable accommodation on record with WGS. The reasonable accommodation was a request to use a foldable chair to sit down intermittently short term for a total of approximately one hour because my job required that I stand throughout my several hours long shifts. This reasonable accommodation was only intended to facilitate my ability to perform my job duties, and it in no way rendered me unable to do my job. During my probation, Ellijah told me that I could not use any reasonable accommodation until after my probationary period had ended! On December 15, 2019, the very same day I asked my Supervisor, Ellijah, if I could avail myself of that same previous reasonable accommodation, he fired me other than that he unlawfully decided that I was not fit to be a security guard because I had made a reasonable accommodation request that did not interfere in any way with my ability to perform the essential functions of my job. Therefore, WGS engaged in illegal disability discrimination by and through its managing agent on December 15, 2019, because I was fired for having an ADA protected disability and requesting a reasonble accommodation to facilitate my ability to do my job.
> 2. Race Discrimination in Violation of Title VII:
>  From the moment I was hired until the moment I was fired, my Supervisor Ellijah [who is African

> American] singled me out and treated me differently than other African American employees to whom he showed favor over me. I am Hispanic, not African American, and I was treated far differently by Ellijah than my similarly situated employes such as James [last name unknown] and Tyrone [last name unknown] who also happened to be African American like our Supervisor, Ellijah. While with WGS and up until I was fired on December 15, 2019, Ellijah repeatedly singled me out and treated me differently than other employees based on my race. I filed with the EEOC within 300 days of the last act of sexual harassment and I received the Right to Sue notice on October 29, 2020 and timely filed this Complaint within 90 days of receiving the Right to Sue.

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — Hispanic
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)* — Lumbar Strain/Neuralgia

E. The facts of my case are as follows. Attach additional pages if needed.

> I was subjected to illegal workplace discrimination based on my race and disability by Defendant and its managing agent Ellijah [last name unknown]. I was employed by Defendant WGS on August 14, 2019, as an Unarmed Security Guard. During my employment, my immediate Superviosr was Ellijah [last name unknown]. I was illegally terminated by Ellijah on December 15, 2019, based on Disparate Treatment Race and Disability Discrimination.
> 1. Disability Discriminaiton in Violation of the ADA: During my employment, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily. I do have ADA protected disabilities, and I was at all times able to perform the essential functions of my job. Defendant WGS and its managing agent, my immediate Supervisor Ellijah, were aware of my ADA protected disabilities, as I had a request for a reasonable accommodation on record with WGS. The reasonable accommodation was a request to use a foldable chair to sit down intermittently short term for a total of approximately one hour because my job required that I stand throughout my several hours long shifts. This reasonable accommodation was only intended to facilitate my ability to perform my job duties, and it in no way rendered me unable to do my job. During my probation, Ellijah told me that I could not use any reasonable accommodation until after my probationary period had ended! On December 15, 2019, the very same day I asked my Supervisor, Ellijah, if I could avail myself of that same previous reasonable accommodation, he fired me. I asked him why he discharged me, and he had no response. Later, he came up with a nonsense pretext which I will address below under my claim for race discrimination, but the real reason and motive for Ellijah's sudden decision to fire me the moment after I requested to use my reasonable accommodation for intermittent short term use of a folding chair was disability discrimination. He decided that I was not fit to be a security guard because I had made a reasonable accommodation request that did not interfere in any way with my ability to perform the

> essential functions of my job. Therefore, WGS engaged in illegal disability discrimination by and through its managing agent because I was fired for having an ADA protected disability and requesting a reasonble accommodation to facilitate my ability to do my job.
> 2. Race Discrimination in Violation of Title VII:
> From the moment I was hired, my Supervisor Ellijah [who is African American] singled me out and treated me differently than other African American employees to whom he showed favor over me. I am Hispanic, not African American, and I was treated far differently by Ellijah than my similarly situated employes such as James [last name unknown] and Tyrone [last name unknown] who also happened to be African American like our Supervisor, Ellijah. For example, Ellijah singled me out and complained about how I handled trespassers, or moved cement blocks, or if I called in sick, yet my co workers and fellow security guards James and Tyrone did the exact same things with no issues or complaints or consequences at all from Ellijah. While with WGS, Ellijah repeatedly singled me out and treated me differently than other employees based on my race.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

> October 13, 2020 I believe

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.      11-3-20 VCJ

☒ issued a Notice of Right to Sue letter, which I received on *(date)*  ~~10/29/2020~~ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

> Plaintiff seeks compensatory damages up to the maximum amount allowed by statutute for employers with more than 50 employees. These damages shall compensate Plaintiff for non-economic emotional harm suffered (such as mental anguish, pain and suffering, sexual harassment abuse, inconvenience, and loss of enjoyment of life), and for economic injury for lost wages.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/27/2021

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Victor Camargo Juarez

### B.   For Attorneys

Date of signing: N/A

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Victor Camargo Juarez<br>517 Brinkby Avenue Apt 813<br>Reno, NV 89509 | From: | San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2020-01248 | Bryan G. Hoss,<br>Intake Supervisor | (510) 956-0015 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Bryan Hoss** *Digitally signed by Bryan Hoss*
*DN: cn=Bryan Hoss, o=U.S. EEOC, ou=Enforcement Unit,*
*email=bryan.hoss@eeoc.gov, c=US*
*Date: 2020.10.26 14:25:27 -07'00'*

10-26-2020

| Enclosures(s) | For/ William R. Tamayo,<br>District Director | *(Date Mailed)* |
|---|---|---|

cc:
**Charles Allaway
President, Non-Commercial Registered Agent
WGS GROUP INC.
1930 Village Center Cir
Ste. #3-174
Las Vegas, NV 89134**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"**Actual**" disability or a "**record of**" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" **now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"**Regarded as**" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



STEVE SISOLAK
*Governor*

STATE OF NEVADA
DEPARTMENT OF HEALTH AND HUMAN SERVICES
**DIVISION OF WELFARE AND SUPPORTIVE SERVICES**

**Reno District Office**
P.O. Box 15400
Las Vegas, NV 89114
(775) 684-7200 - Fax (775) 448-5094

RICHARD WHITLEY, MS
*Director*

STEVE H. FISHER
*Administrator*



Notice For:
VICTOR CAMARGO-JUAREZ
517 BRINKBY AVE 813
RENO NV 89509

**Customer Service / VRU**
Questions? Contact Us - 24 Hours a day!
South Phone:   (702) 486-1646
North Phone:   (775) 684-7200
Toll Free:   (800) 992-0900
Case ID:   349369200
Website:   http://dwss.nv.gov

April 4, 2020

Dear VICTOR CAMARGO-JUAREZ,

The Nevada Division of Welfare and Supportive Services (DWSS) has taken an action on your case. Please review the information below. The DWSS Customer Service Unit (CSU) and Automated Voice Response Unit (VRU) are available to answer questions regarding your SNAP, TANF, Medicaid, Nevada Check-Up or Child Support Case. The CSU/VRU can be accessed by calling the appropriate number listed above. You will need your Personal Identification Number (PIN) and Case ID before calling the CSU/VRU systems. If you do not know your PIN and/or Case ID, you may contact your local Welfare District Office to obtain this information.

You may submit applications, redeterminations, changes and most communications electronically through your Access Nevada account. Electronic notifications, such as email and text messaging, are an option from DWSS, for households with a verified email account. DWSS sends reminders whenever there are To Do's or Messages in your Access Nevada account. These can be viewed by signing in to your Access Nevada account and selecting an item from either list. You may also choose to sign up for paperless communication to reduce the amount of mail you receive from DWSS. You will need your PIN to use these features.

If you are seeking assistance with child support services, you can print and complete the child support application located on the DWSS child support homepage at https://dwss.nv.gov/Support/1_0_0-Support/. Submit your completed application to the appropriate child support office in your area. Northern and Southern Nevada office locations can be found on the child support homepage by selecting "locate child support offices" and selecting the appropriate region.

| Supplementary Nutrition Assistance Program (SNAP) - NEW or Current Certification Period March 4, 2020 - August 31, 2020 |||
|---|---|---|
| April 2020 | Application Received Date : March 04, 2020 ||
| Name | Status | Comments (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Eligible | |

### Income and Expenses

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earned: $ | 0.00 | Standard Deduction: $ | 167.00 | | | |
| Earnings Deduction: - | 0.00 | Medical Deduction: | 0.00 | | | |
| Unearned Income: + | 0.00 | Dependent Care Expense: | 0.00 | | | |
| Cash Grant: + | 0.00 | Child Support Deduction: | 0.00 | Overpayment Reductions: $ | 0.00 |
| | | Shelter Deduction: | 25.00 | **Benefit Amount:** $ | 194.00 |
| Total Income: $ | 0.00 | Total Deductions: $ | 192.00 | Gross Income Limit: $ | 1,354.00 |

DWSS E&P Manual Sections MS A-600 & MS A-700



Page 1 of 4

### Supplementary Nutrition Assistance Program (SNAP) - NEW or Current Certification Period March 4, 2020 - August 31, 2020

May 2020                                  Application Received Date: March 04, 2020

| Name | Status | Comments |
|---|---|---|
|  |  | (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Eligible |  |

#### Income and Expenses

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earned: | $ 0.00 | Standard Deduction: | $ 167.00 | | | |
| Earnings Deduction: - | 0.00 | Medical Deduction: | 0.00 | | | |
| Unearned Income: + | 0.00 | Dependent Care Expense: | 0.00 | | | |
| Cash Grant: + | 0.00 | Child Support Deduction: | 0.00 | Overpayment Reductions: | $ | 0.00 |
| | | Shelter Deduction: | 25.00 | Benefit Amount: | $ | 194.00 |
| Total Income: | $ 0.00 | Total Deductions: | $ 192.00 | Gross Income Limit: | $ | 1,354.00 |

DWSS E&P Manual Sections MS A-600 & MS A-700

### Supplementary Nutrition Assistance Program (SNAP) - NEW or Current Certification Period March 4, 2020 - August 31, 2020

June 2020                                  Application Received Date: March 04, 2020

| Name | Status | Comments |
|---|---|---|
|  |  | (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Eligible |  |

#### Income and Expenses

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earned: | $ 0.00 | Standard Deduction: | $ 167.00 | | | |
| Earnings Deduction: - | 0.00 | Medical Deduction: | 0.00 | | | |
| Unearned Income: + | 0.00 | Dependent Care Expense: | 0.00 | | | |
| Cash Grant: + | 0.00 | Child Support Deduction: | 0.00 | Overpayment Reductions: | $ | 0.00 |
| | | Shelter Deduction: | 25.00 | Benefit Amount: | $ | 194.00 |
| Total Income: | $ 0.00 | Total Deductions: | $ 192.00 | Gross Income Limit: | $ | 1,354.00 |

DWSS E&P Manual Sections MS A-600 & MS A-700

### Family Medical Programs

April 2020                                  Application Received Date: April 02, 2020

| Name | Program | Status | Medicaid Billing# | Comments |
|---|---|---|---|---|
|  |  |  |  | (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Family Medical | Eligible | 00001931592 |  |

DWSS Medical Assistance Manual Sections E-100 & E-300



| Family Medical Programs | | | | |
|---|---|---|---|---|
| May 2020 | | | Application Received Date : April 02, 2020 | |
| Name | Program | Status | Medicaid Billing# | Comments (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Family Medical | Eligible | 00001931592 | |
| DWSS Medical Assistance Manual Sections E-100 & E-300 | | | | |

| Family Medical Programs | | | | |
|---|---|---|---|---|
| June 2020 | | | Application Received Date : April 02, 2020 | |
| Name | Program | Status | Medicaid Billing# | Comments (See Case Information) |
| VICTOR CAMARGO-JUAREZ | Family Medical | Eligible | 00001931592 | |
| DWSS Medical Assistance Manual Sections E-100 & E-300 | | | | |

# Case Information

### Supplemental Nutrition Assistance Program (SNAP)

If you or any household member is receiving TANF you must report all changes in employment status such as, obtaining a job, loss of a job, changes in the number of work hours or changes in the rate of pay or amount of salary. You are also required to report changes in unearned income such as child support, Social Security (RSDI and SSI), unemployment and veterans benefits; as well as changes in expenses or someone moving in or out of your home. You are required to report these types of changes by the fifth of the month following the month in which the change occurred. (Manual Section B-600)

### Family Medical Programs

If you or any member of your assistance unit has private health or medical insurance you must inform the Division of Welfare and Supportive Services immediately.

You must also report if your private health or medical insurance is terminated for any reason.

If you have other insurance, Nevada Medicaid is not liable for other health coverage services if you elect to seek treatment from a provider not authorized by your health care coverage provider.

NOTE: Please keep this notice! If you require medical assistance before your medical card arrives or if you have medical bills for this time period, please show your medical provider(s) this notice so they can bill Medicaid.

Families that live in urban Washoe County or urban Clark County are covered by a Managed Care Organization (MCO). You were asked to choose a health plan preference on your application however your choice may not be honored if you or any family member has been enrolled in one of the current managed care organizations. Once enrolled, you will receive a member handbook explaining the health plan benefits and contact information.



Important Medicaid/Nevada Check-Up (NCU) Notice Information!

Keep the medical insurance card and use as identification for medical assistance eligibility. The eligible member must show their card or notice to the doctor, pharmacist, hospital or other medical care provider as proof of medical assistance eligibility.

This notice may be used as proof of medical assistance eligibility. A Medicaid/NCU card will be mailed to you.



Notice For: VICTOR CAMARGO-JUAREZ
Case ID: 349369200
Date: **Apr 4, 2020**

## HEARINGS

**You can ask for a fair hearing if you do not agree with what we have told you in this notice.**
A hearing will give you a chance to explain why you do not agree.

**How do I ask for hearing?**
If you want to have a hearing, you must ask for it in writing.
For SNAP benefits, you can ask for a hearing in person or by phone.

**What is the deadline to ask for a hearing?**
You have up to Jul 3, 2020 (90 days from the date on this notice) to ask for a hearing.

**Where can I get help with my hearing?**
If you need legal counsel and cannot afford it, these agencies may be able to help you.
  Washoe County:   Nevada Legal Services 1-800-323-8666;
                   Washoe County Senior Law Project (775) 328-2592.
  Clark County:    Nevada Legal Services (Clark County): (702) 386-0404, toll free 1 (866) 432-0404;
                   City of Las Vegas Senior Citizens Law Project: (702) 229-6596.
  Rural counties:  Nevada Legal Services Carson City: (775) 883-0404, toll free: 1-800-323-8666.

If you do not agree with the action taken you may request a conference or hearing within 90 days of the date of this notice. If you want a conference/hearing, check the appropriate box below and return this notice to your local welfare office.

I want:   ☐ a conference    ☐ a hearing    ☐ conference and hearing

If a hearing request is received before this action's effective date or within 13 days of this notice date, whichever is later, or if you show good reason why it wasn't, you may have your benefits continued until the hearing decision is made, or if you are receiving SNAP benefits, until your certification ends, whichever happens first.

You may not have continued benefits if the only issue of the hearing is federal law / regulation.

☐ I do not want continuation of benefits but I still want a hearing.
☐ I want continuation of benefits.

**If you lose, abandon or withdraw your appeal, your benefits will stop and benefits over issued must be repaid.**

I disagree with this notice because:

_____        _____
Client Signature                        Date

                        Date Stamp here

Date Received by the agency:

