UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR CAMARGO JUAREZ, | Case No.: 3:21-cv-00064-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| WGS GROUP, INC., | |
| Defendant | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

### I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues WGS Group, Inc. for employment discrimination under Title VII and for violation of the Americans with Disabilities Act (ADA) for failure to accommodate his disability accommodation request. The court finds Plaintiff states sufficient facts to state colorable claims, and his complaint will be allowed to proceed.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint shall **PROCEED** against WGS Group, Inc. for employment discrimination under Title VII and for violation of the ADA.

(4) The Clerk of Court **WILL ISSUE** a summons for Defendant, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **WILL SEND** sufficient copies of the complaint and this order to the U.S. Marshal for service on the Defendant. The Clerk **WILL SEND** to Plaintiff a USM-285 form.  Plaintiff has **30 days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information for the Defendant.  Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether the Defendant was served or not.  If Plaintiff wishes to have service again attempted on an unserved defendant, then a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

(5)  Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 and Local Rule 26-3 that is supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(6) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the

person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: August 6, 2021

                                                        _____
                                                        William G. Cobb
                                                        United States Magistrate Judge