UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| VICTOR CAMARGO JUAREZ, an Individual, | Case No.: 3:21-cv-00064-ART-CSD |
|---|---|
| Plaintiff(s), | **ORDER GRANTING** |
| v. | **STIPULATION AND JOINT MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST WGS GROUP, INC.** |
| WGS GROUP, INC., | |
| Defendant(s). | |

This Stipulation and Joint Motion to Set Aside Default Judgment Against WGS Group, Inc. is made by and between Plaintiff Victor Camargo Juarez and Defendant, WGS Group, Inc. ("WGS") (collectively the "Parties"), by and through its undersigned counsel of record.

### RECITALS

Whereas, the Parties stipulate and agree as follows:

1.  On January 28, 2021, Plaintiff Victor Camargo Juarez filed a Complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and under the Americans with Disabilities Act of 1990. (ECF No. 1).

2.  On April 21, 2021, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 6). The Court granted the application on August 6, 2021, and directed Plaintiff to provide the U.S. Marshal with a summons and complaint for service. (ECF No. 8). The Court issued a Summons on August 9, 2021. (ECF No. 10).

FOX ROTHSCHILD LLP

179703883.1

3. The U.S. Marshal served the summons and complaint on a woman named "Charlene Fowler" on August 27, 2021, at "WGS Group Inc, 8238 W. Charleston Blvd., Las Vegas, NV 89117," as directed by Plaintiff. (ECF No. 11).

4. Charlene Fowler was not a registered agent for WGS; she was not a corporate officer of WGS; and she was not designated to receive service of process for WGS. The person designated by law to accept service for WGS was Charles Allaway from July 27, 2019, to May 31, 2022, according to the Nevada Secretary of State. *See* Business Information, WGS GROUP INC., Secretary of State Website, attached as Exhibit A. Mr. Allaway comprised the entirety of the Board of Directors for WGS during that time. *Id.* Additionally, the proper place of service for WGS and Mr. Allaway at that time was 1930 Village Center Circle, Suite 3-174, Las Vegas, NV, 89134, as indicated on the Nevada Secretary of State website—not at the address Plaintiff supplied to the U.S. Marshall. *Id.*

5. On May 31, 2022, the WGS Board of Directors changed to Michael Manahan and Marcus Skeen. *Id.* The place designated for service remained 1930 Village Center Circle, Suite 3-174, Las Vegas, NV, 89134. *Id.*

6. On October 3, 2024, Michael Manahan became the sole WGS board member. *Id.* The place designated for service remained 1930 Village Center Circle, Suite 3-174, Las Vegas, NV, 89134. *Id.*

7. On February 2, 2023, Plaintiff filed a Default Request for Entry of Default Against Defendant WGS Group, Inc. with the Court Clerk. (ECF No. 20). The Court Clerk entered the default on February 27, 2023. (ECF No. 21).

8. On November 14, 2024, Plaintiff filed a Motion for Entry of Default Judgment Against Defendant WGS Group, Inc. (ECF No. 26). The Default Judgment was entered by the Court Clerk on December 2, 2024. (ECF No. 27).

9. Subsequently, WGS learned of this lawsuit and the parties have come to a mutual resolution. The parties now wish to vacate the default judgment and then enter a Joint Stipulation and Order to *Dismiss this lawsuit.*

FOX ROTHSCHILD LLP

2.

179703883.1

## **LEGAL STANDARD**

A judgment is void when service of process is insufficient. Federal Rule of Civil Procedure 4(h)(1)(B) provides that service upon a corporation, partnership, or association may be effectuated, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…" The Nevada rule for serving an individual or corporation within Nevada mirrors the Federal Rule. NRCP 4.2(a).

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation omitted). A defendant not properly served under Fed. R. Civ. P. 4 may assert the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," the serving party must substantially comply with the Rule. *Crowley*, 734 F.3d at 975 (quotation omitted).

Although a defendant's appearance to attack sufficiency of service is an admission that defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum"); *Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841 (9th Cir.1989) (service fails unless defendant returns acknowledgment form); *Accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir.1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule"). The serving plaintiff bears the burden of establishing that a challenged service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

On a "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding," because the judgment is void. Fed. R. Civ. P. 60 (b)(4).

FOX ROTHSCHILD LLP

1  Motions to set aside a judgment as void under Fed. R. Civ. P. 60(b)(4) may be brought at any time.
2  *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

3  Further, the Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient
4  service of process. Under Fed. R. Civ. P. 4(m), the Court must dismiss an action without prejudice
5  if a defendant is not served within 90 days of the filing of the complaint.

6  Service on WGS was defective under Fed. R. Civ. P. 4(h)(1)(B). The U.S. Marshall
7  delivered the summons and complaint to Charlene Fowler, who was neither an officer, a managing
8  or general agent, nor an agent authorized by appointment or law to accept service for WGS. Charles
9  Allaway was WGS's Non-Commercial Registered Agent during the relevant period. Additionally,
10 Plaintiff directed the U.S. Marshall to serve his Complaint at "WGS Group Inc, 8238 W. Charleston
11 Blvd., Las Vegas, NV 89117," and that is where the U.S. Marshall seemingly served the Complaint.
12 However, the address for proper service at that time was 1930 Village Center Circle, Suite 3-174,
13 Las Vegas, NV, 89134, as indicated on the Nevada Secretary of State website.

14 Because service was not made on an authorized agent or officer, it did not comply with Fed.
15 R. Civ. P. 4(h)(1)(B) or its Nevada analogue. In the absence of proper service, the Court lacks
16 personal jurisdiction over WGS, rendering the entry of default and default judgment void. *See*
17 *Crowley*, 734 F.3d at 974–75; Fed. R. Civ. P. 60(b)(4).

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

FOX ROTHSCHILD LLP

4.

179703883.1

## CONCLUSION

For the foregoing reasons, WGS respectfully requests that the Court set aside the Default Judgment entered against it and dismiss this action without prejudice for insufficient service of process.

DATED: December 21, 2025.

By: /s/ _____
VICTOR CAMARGO JUAREZ
*Plaintiff*

DATED: December 22, 2025.

**FOX ROTHSCHILD LLP**

By: /s/ Jessica E. Brown
DEANNA L. FORBUSH
REX D. GARNER
JESSICA E. BROWN
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Defendant*

## ORDER

The parties stipulation and joint motion to set aside the Default Judgment against WGS Group, Inc. and to dismiss this action without prejudice under Fed. R. Civ. P. 4(m) (ECF No. 28) is granted. Accordingly, the Clerk of Court is directed to close this case.

_____
Anne R. Traum
United States District Judge

DATED: December 29, 2025